UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS,<br><br>        Petitioner,<br><br>  v.<br><br>KERN VALLEY STATE PRISON, et. al.,<br><br>        Respondent. | 1:12-cv—00450-SKO-HC<br><br>ORDER TO PETITIONER TO SHOW CAUSE IN THIRTY (30) DAYS WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES<br>(Doc. 1) |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's petition, which was filed on March 12, 2012, and transferred to this Court on March 22, 2012.

    I.  <u>Screening the Petition</u>

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the

1

petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Here, Petitioner alleges that he is an inmate of the Kern Valley State Prison in Delano, California, which is located within the territory of the Eastern District of California. Petitioner names the warden of the prison as a Respondent. Petitioner alleges that he was convicted and sentenced on October 12, 2011.  (Pet. 2.) Petitioner raises the following claims in the petition: 1) this indigent criminal defender must receive transcripts pursuant to Sixth and Fourteenth Amendment law that

2

the accused shall be informed of the nature and cause of the accusation, be confronted with the witnesses against him, and have compulsory process; 2) an indigent defender must be allowed a right to a transcript pursuant to the Fourth and Fifth Amendments; 3) the order issued by the Eastern District Court on February 9, 2012, directed the clerk to close the case, which denied Petitioner the right to redress the court under the First Amendment; 4) under the Sixth and Fourteenth Amendments the accused has an independent right to criminal trial reporter transcripts, the right to be informed of the charges, confront witnesses against him, have compulsory process for obtaining witnesses in his favor, and the assistance of counsel in his defense; and 5) a claim set forth verbatim as follows:

> "There are 'the right to study, to confront, to re-examine or to examine, to have the accusation of the cause of the nature of why there is witnesses against, this duty to and indigent defender is compelled by the 5th, 6th, 14th, to have theses (sic) rights by the Constitution of the people of the United Constitutional Amendment. Your honor, this is a constitutional right; it must be protected, it must not be denied a defendant...."

(Id. at 5-6.)

Although Petitioner sets forth numerous statements of constitutional violations, he is actually asserting only two claims: a claim that his rights were violated by his failure to receive a copy of the trial transcript with respect to his appeal from the pertinent judgment of conviction, and a claim that this Court improperly and prematurely dismissed Petitioner's petition in a proceeding that is no longer pending, namely, Clarence Leon Dews v. Superior Court, 1:11-cv-02050-BAM, which was dismissed on February 10, 2012, because the amended petition concerned only

3

conditions of confinement.

## II. Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala

v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

5

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

To the extent that Petitioner complains of the dismissal of his previous habeas corpus petition, Petitioner has not stated facts that warrant relief in a proceeding pursuant to 28 U.S.C. § 2254. However, even assuming Petitioner's claim could be meritorious, Petitioner has not alleged that he has exhausted his state court remedies as to such a claim. Further, because the dismissal was recent, Petitioner has not exhausted his state court remedies as to the claim. Petitioner may have a potential remedy by way of post-judgment motion in the habeas proceeding itself or by proceeding to appeal the dismissal of the proceeding; however, absent exhaustion of state court remedies, Petitioner's claim must be dismissed.

With respect to Petitioner's claim concerning a transcript, in response to an inquiry regarding whether the grounds were previously presented to the California Supreme Court, Petitioner generally states that some of the statements and grounds concerning grieving any government process were not in the

1  California Supreme Court because the case does not appear to have
2  been closed in that court, but rather in and by the "United
3  States District Eastern Court."  (Pet. at 7.)
4      The Court may take judicial notice of facts that are capable
5  of accurate and ready determination by resort to sources whose
6  accuracy cannot reasonably be questioned, including undisputed
7  information posted on official web sites.  Fed. R. Evid. 201(b);
8  United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993);
9  Daniels-Hall v. National Education Association, 629 F.3d 992, 999
10 (9th Cir. 2010).  It is appropriate to take judicial notice of
11 the docket sheet of a California court.  White v Martel, 601 F.3d
12 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).
13 The address of the official website of the California state
14 courts is www.courts.ca.gov.
15     This Court will take judicial notice of the proceedings in
16 People v. Clarence Leon Dews, case number F061339 pending in the
17 Court of Appeal of the State of California as a criminal appeal
18 from a judgment in trial court case number F09906781, which
19 appears to involve the judgment of which Petitioner complains in
20 the petition before this Court.  (Pet., doc. 1-1, 4.)  The docket
21 reflects that Petitioner has counsel, who has filed briefs.
22 However, it does not appear that argument has taken place or that
23 a decision has issued.  It thus appears that Petitioner has not
24 exhausted his state court remedies with respect to his appellate
25 proceedings.  Petitioner's appeal in the state appellate court
26 has not concluded.  Accordingly, Petitioner has not presented the
27 claims concerning that case to the California Supreme Court.
28 ///

Petitioner may claim that he has already presented this issue to the California Supreme Court. However, Petitioner's appeal has not proceeded to the point that he can present a meritorious claim. Insofar as Petitioner complains that he has been denied his Constitutional right to a transcript, the pertinent legal principles have been recently summarized as follows:

> If state law provides a criminal defendant with a right to appeal, "the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." Evitts v. Lucey, 469 U.S. 387, 393, 105 S.Ct. 830, 834, 83 L.Ed.2d 821 (1985); Griffin v. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956) (plurality). Thus, for instance, a criminal defendant has a due process right to a "record of sufficient completeness" to ensure meaningful appellate review. Draper v. Washington, 372 U.S. 487, 497, 83 S.Ct. 774, 780, 9 L.Ed.2d 899 (1963); Mayer v. City of Chicago, 404 U.S. 189, 194, 92 S.Ct. 410, 414, 30 L.Ed.2d 372 (1971); see also People of Territory of Guam v. Marquez, 963 F.2d 1311, 1315 (9th Cir.1992) ("As a matter of due process, an appellant is entitled to a 'record of sufficient completeness' so that he or she can demonstrate that prejudicial error occurred during the trial." (citations and some internal quotation marks omitted)); Fahy v. Horn, 516 F.3d 169, 190 (3d Cir.2008) ("It is indisputably true that a criminal defendant has the right to an adequate review of his conviction, i.e., a sufficiently complete record.").

Quintero v. Tilton, 588 F.Supp.2d 1121, 1127-28 (C.D.Cal. 2008). To be entitled to relief, a habeas petitioner must generally allege facts that show that he was prejudiced by an alleged constitutional violation. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (determining that habeas relief is warranted when an error resulted in actual prejudice, or had a substantial and injurious effect or influence in determining the jury's verdict). A claim concerning a transcript generally would not entitle a petitioner to relief unless there is a showing of specific

8

prejudice. <u>Quintero v. Tilton</u>, 588 F.Supp.2d 1121, 1128.

Here, Petitioner's appellate proceedings have not concluded. Petitioner has counsel on appeal. The docket reflects that Petitioner's counsel has made motions concerning augmenting the transcripts in the appeal. It thus appears that counsel has received some transcripts and is proceeding to perfect the transcript on Petitioner's behalf. Before the decision of the appellate court issues and becomes final, the existence and extent of any prejudice to Petitioner with respect to transcripts cannot yet be determined.

Upon review of the instant petition for writ of habeas corpus, and considering the matters that are the subject of judicial notice, it appears that Petitioner has not presented his numerous claims to the California Supreme Court. If Petitioner has not presented all of his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented his claims to the California Supreme Court and simply neglected to inform this Court.

Thus, Petitioner must inform the Court if his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court. Without knowing what claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition.

III. <u>Order to Show Cause</u>

Accordingly, Petitioner is ORDERED to show cause why the

petition should not be dismissed for Petitioner's failure to exhaust state remedies. Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated:   April 3, 2012**                          /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE