1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS,<br><br>                    Petitioner,<br><br>     v.<br><br>KERN VALLEY STATE PRISON, et.<br>al.,<br>                    Respondents. | ) 1:12-cv—00450-AWI-SKO-HC<br>)<br>) ORDER DISCHARGING ORDER TO SHOW<br>) CAUSE (DOC. 8)<br>)<br>) FINDINGS AND RECOMMENDATIONS TO<br>) DISMISS THE PETITION FOR WRIT OF<br>) HABEAS CORPUS WITHOUT LEAVE TO<br>) AMEND (DOC. 1)<br>)<br>) FINDINGS AND RECOMMENDATIONS TO<br>) DISMISS ALL PENDING MOTIONS AS<br>) MOOT (DOCS. 3, 11, 14, 16, 19,<br>) 20, 21) |

FINDINGS AND RECOMMENDATIONS TO
DECLINE TO ISSUE A CERTIFICATE OF
APPEALABILITY AND TO DIRECT THE
CLERK TO SEND PETITIONER A
COMPLAINT FORM AND TO CLOSE THE
ACTION

**OBJECTIONS DEADLINE:**
**THIRTY (30) DAYS**

     Petitioner is a state prisoner proceeding pro se and in

forma pauperis with a petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254.  The matter has been referred to the

Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules

302 through 304.  Pending before the Court is Petitioner's

petition, which was filed on March 12, 2012, and transferred to

1

this Court on March 22, 2012.

I. <u>Discharge of the Order to Show Cause</u>

On April 3, 2012, the Court issued to Petitioner an order to show cause why the petition should not be dismissed for failure to exhaust state court remedies as to his claims.

Because Petitioner responded to the order to show cause, the order to show cause issued on April 3, 2012, is DISCHARGED.

II. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the

respondent's motion to dismiss, or after an answer to the
petition has been filed.  Advisory Committee Notes to Habeas Rule
8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
(9th Cir. 2001).

Petitioner alleges that he is an inmate of the Kern Valley
State Prison (KVSP) in Delano, California, located in the Eastern
District of California.  Petitioner names the warden of the
prison as a Respondent.  Petitioner challenges his conviction of
receiving stolen property in the Superior Court of the State of
California, County of Fresno, for which he was sentenced on
October 12, 2011.  (Pet., doc. 1, 2.)  Petitioner raises the
following claims in the petition: 1) the courts must not keep
stating that counsel for an indigent defendant must receive
transcripts of the trial proceedings because pursuant to the
Sixth and Fourteenth Amendments, the accused shall be informed of
the nature and cause of the accusation, be confronted with the
witnesses against him, and have compulsory process; 2) an
indigent defendant must be allowed a right to a transcript
pursuant to the Fourth and Fifth Amendments and due process of
law; 3) the order issued by the Eastern District Court on
February 9, 2012, directed the clerk to close the case, which
denied Petitioner the right to redress the court under the First
Amendment; 4) under the Sixth and Fourteenth Amendments, the
accused has an independent right to a reporter's transcript of
criminal trial proceedings, and rights to be informed of the
charges, confront witnesses against him, compulsory process for
obtaining witnesses in his favor, and the assistance of counsel
in his defense; and 5) a claim set forth verbatim as follows:

"There are 'the right to study, to confront, to
re-examine or to examine, to have the accusation
of the cause of the nature of why there is witnesses
against, this duty to and indigent defender is compelled
by the 5th, 6th, 14th, to have theses (sic) rights by
the Constitution of the people of the United Constitutional
Amendment.  Your honor, this is a constitutional right;
it must be protected, it must not be denied a defendant...."

(Id. at 5-6.)

III.   Background

The Court takes judicial notice of an opinion filed on May 9, 2012, in People v. Clarence Leon Dews, case number F061339, in the Court of Appeal of the State of California, Fifth Appellate District (CCA).[1]  This decision is the opinion on direct appeal from the judgment rendered in Fresno County Superior Court case number F09906781, the judgment to which Petitioner's claims relate.

The opinion summarizes the evidence introduced at Petitioner's trial, which resulted in his conviction of receiving stolen property in violation of Cal. Pen. Code § 496(a) on December 1, 2009, with a prior "strike" conviction within the meaning of Cal. Pen. Code § 667(b)-(i), a prior serious felony conviction within the meaning of Cal. Pen. Code § 667(a)(1), and nine prior prison term enhancements within the meaning of Cal. Pen. Code § 667.5(b).  Petitioner was sentenced to fifteen years

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official web sites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).  The address of the official website of the California state courts is www.courts.ca.gov.  The Court further notes that the unpublished opinion of the CCA appears at 2012 WL 1623421 (no. F061339, May 9, 2012).

4

in prison.   (Op. at 1-2.)

     With respect to the facts relating to Petitioner's receipt
of stolen property, Gerald McCarter discovered that the door of
his house on West Belmont had been forced open and the interior
ransacked; some of the personal property from the residence was
missing, and some had been moved and stacked by the front door as
if someone were going to return and remove the items.   McCarter
departed after waiting unsuccessfully for about four hours for
the perpetrators.   He returned at about 10:30 p.m. and observed
that the front door and screen were open, and a car was parked on
the street in front of the house.   Armed with a handgun, McCarter
entered the house and discovered Petitioner's brother, Archie,
going through some electrical equipment in the living room.   When
Archie failed to respond to McCarter's inquiries, McCarter fired
a warning shot.   Petitioner emerged from a back bedroom.
Petitioner and Archie were detained and arrested by law
enforcement officers, who were called to the scene.   A search of
Petitioner incident to arrest yielded distinctive items which
McCarter identified as having been removed from the house and
having belonged to his late father, a previous resident.    Archie
testified, admitting that he had told a deputy that he had been
looking for things in the house that he could recycle for a few
dollars, and that a friend had told him that the house contained
a lot of stuff, including some pretty good fishing poles.   (Id.
at 6-11.)

     The only issues raised in the appeal concerned the propriety
of the trial court's denial of Petitioner's second motion to
represent himself, which was made in conjunction with a motion to

5

1  discharge Petitioner's appointed trial counsel a few days before
2  Petitioner's trial was scheduled to begin.  The CCA affirmed the
3  judgment, concluding that the trial court had properly found that
4  when Petitioner had previously represented himself, his tactics,
5  including refiling motions and seeking repeated continuances,
6  were obstreperous, and Petitioner's renewed motion to represent
7  himself made on the eve of trial was undertaken for the purpose
8  of obstruction or delay.  (Id. at 11-31.)

9      The docket and records reflect that in Petitioner's direct
10 appeal, Petitioner was represented by appointed appellate
11 counsel, who on multiple occasions procured augmentations of the
12 record, filed opening and reply briefs, and waived oral argument.
13 A clerk's transcript and a reporter's transcript of 1156 pages
14 were also filed on February 9, 2011.

15     Petitioner's allegations in his petition for writ of habeas
16 corpus filed in the California Supreme Court and correspondence
17 with his counsel on appeal reveal that Petitioner requested from
18 the trial court his own copy of the transcripts.  The trial court
19 denied Petitioner's request because Petitioner's appellate
20 counsel would obtain the transcripts and provide them to
21 Petitioner.  (Doc. 1-1, 5-8, 16.)

22     Appellate counsel declined to forward the transcripts to
23 Petitioner, stating that Petitioner would not serve as counsel's
24 advisor during the appeal; rather, counsel would determine
25 whether legal advice or research was needed.  (Id. at 9, 28-29.)
26 The CCA denied Petitioner's petition for writ of habeas corpus,
27 noting in part that Petitioner had appellate counsel, who was
28 sent the record on appeal; further, Petitioner had not shown that

1    the appellate process was an inadequate remedy.  (Id. at 25.)

2    The Supreme Court summarily denied a petition for writ of habeas

3    corpus regarding the transcript issue.  (Doc. 1, 35.)

4           IV.  Alleged First Amendment Violation

5           Petitioner alleges that when this Court dismissed

6    Petitioner's previous habeas corpus petition, it violated his

7    First Amendment right to petition the government peaceably for a

8    redress of grievances.  (Doc. 1, 6.)

9           Petitioner cites to Clarence Leon Dews v. Superior Court of

10   State of California, case number 1:11-cv-02050-BAM-HC, filed in

11   this Court and subsequently terminated by the entry of a judgment

12   of dismissal.  The Court takes judicial notice of the docket and

13   orders in that case, in which the Court dismissed the petition

14   because Petitioner's first amended petition (doc. 11), filed on

15   January 6, 2012, concerned only conditions of confinement,

16   namely, interference with Petitioner's practice of his religion.

17   Thus, by order signed on February 9, 2012, and judgment entered

18   on February 10, 2012, the petition was dismissed for failure to

19   allege facts that would entitle Petitioner to habeas corpus

20   relief.  (Doc. 16, 2; 17.)  Petitioner's claim that his right to

21   petition the government for redress of grievances was violated by

22   this dismissal of his complaint concerning religious liberty

23   relates not to the legality or duration of his confinement, but

24   rather to the conditions of his confinement.

25          Because the petition was filed after April 24, 1996, the

26   effective date of the Antiterrorism and Effective Death Penalty

27   Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v.

28   Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d

                                   7

1484, 1499 (9th Cir. 1997).

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Petitioner's complaint that his First Amendment rights were violated by the dismissal of his previous habeas petition relates to his exercise of First Amendment rights.  It does not bear upon the validity of his conviction or sentence, and thus it does not relate to the legality or duration of his confinement. Petitioner is not challenging a conviction or sentence; rather, he is challenging the conditions of his confinement. Therefore, with respect to his First Amendment claim, Petitioner is not entitled to habeas corpus relief, and his claim must be dismissed.

Because the defect in the claim relates not to any inadequacy of factual allegations, but rather to the nature of the claim itself as one concerning conditions of confinement,

Petitioner could not state a tenable habeas claim for First
Amendment relief if leave to amend were granted. It will,
therefore, be recommended that the claim be dismissed without
leave to amend.

Should Petitioner wish to pursue his claim, he must do so by
way of a civil rights complaint pursuant to 42 U.S.C. § 1983.
The Clerk should be directed to send an appropriate form
complaint to Petitioner.

V.   Petitioner's Claims concerning Petitioner's Right
     to a Transcript of His Trial Proceedings

In his remaining claims, Petitioner cites numerous rights of
an accused in connection with criminal trial proceedings. (Doc.
1, 5-6.) However, Petitioner appears to assert essentially one
claim: his rights to due process and equal protection of the law
guaranteed by the Fourteenth Amendment were violated by the state
courts' decisions denying his requests for a personal copy of his
transcript for use during his direct appeal while he was being
represented by counsel who had possession of the record on
appeal, including the transcripts, and who filed briefs on the
merits in the appellate proceedings.

To the extent Petitioner refers to his rights to notice of
the charges against him, confrontation of witnesses, access to
compulsory process, and the assistance of counsel, he appears to
contend that the right to a transcript is part and parcel of, or
effectuates, those trial rights. Petitioner does not appear to
raise claims directly with respect to these additional trial
rights.
///

9

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam).

Title 28 U.S.C. § 2254 provides in pertinent part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Clearly established federal law refers to the holdings, as opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state court decision. Cullen v. Pinholster, - U.S. -, 131 S.Ct. 1388, 1399 (2011); Lockyer v. Andrade, 538 U.S. 63, 71 (2003); Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court's decision contravenes clearly established Supreme Court precedent if it reaches a legal conclusion opposite to, or substantially different from, the Supreme Court's or concludes differently on a materially indistinguishable set of facts. Williams v. Taylor, 529 U.S. at 405-06. A state court unreasonably applies clearly established

federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.  Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002); see, Williams, 529 U.S. at 407.  An application of clearly established federal law is unreasonable only if it is objectively unreasonable; an incorrect or inaccurate application is not necessarily unreasonable. Williams, 529 U.S. at 410.

A state court's determination that a claim lacks merit precludes federal habeas relief as long as fairminded jurists could disagree on the correctness of the state court's decision. Harrington v. Richter, 562 U.S. -, 131 S.Ct. 770, 786 (2011). Although the Constitution does not require states to grant appeals as of right to criminal defendants seeking to review alleged trial court errors, if under state law criminal defendants have a right to appeal criminal convictions, the procedures used in deciding those appeals must comply with the requirements of the Due Process and Equal Protection Clauses of the Constitution.  Evitts v. Lucey, 469 U.S. 387, 393 (1985). Accordingly, a state must provide a transcript of the trial court proceedings to indigent criminal appellants who cannot afford transcripts if that is the only way to insure an adequate and effective appeal.  Griffin v. Illinois, 351 U.S. 12, 18, 13-20 (1956).

An appellant is entitled to a record that is sufficiently complete to ensure meaningful appellate review that is

substantially as adequate and effective as that given to
appellants with funds. Draper v. Washington, 372 U.S. 487, 495-
96 (1963); Smith v. Robbins, 528 U.S. 259, 276-77 n. 9 (2000).
The appellant must be given a fair opportunity to present his
claims in the context of the state's appellate process and to
obtain an adjudication of the merits of the appeal. Smith v.
Robbins, 528 U.S. at 277. A state's procedure is sufficient if
it reasonably ensures that an indigent's appeal will be resolved
in a manner that is related to the merits of the appeal. Id. at
276-77.

In determining whether a limitation on a record of trial
proceedings violates due process, a court considers 1) the value
of the transcript to the defendant in connection with the appeal
or trial for which it is sought, and 2) the availability of
alternative devices that would fulfill the same functions as a
transcript. Britt v. North Carolina, 404 U.S. 226, 227 & n.2
(1971); Madera v. Risley, 885 F.2d 646, 648-49 (9th Cir. 1989).
Although an appellant's right to the assistance of counsel and a
brief on the merits must be protected, states must also be able
to protect themselves so that frivolous appeals are not
subsidized needlessly by public funds. Smith v. Robbins, 528
U.S. at 277-78.

To establish a due process violation based on the absence of
a record, a petitioner must show that he was prejudiced by the
record's absence. Madera v. Risley, 885 F.2d at 649; Cooper v.
McGrath, 314 F.Supp.2d 967, 982 (N.D.Cal. 2004); Quintero v.
Tilton, 588 F.Supp.2d 1121, 1128 (C.D.Cal. 2008). Here, the
information posted on the California courts website shows that

1   the intermediate state appellate court has rendered a decision in

2   Petitioner's appeal.  It is uncertain, however, whether

3   Petitioner will seek further review on direct appeal from the

4   California Supreme Court.  Arguably, it is premature for

5   Petitioner to seek to establish prejudice with respect to his

6   right to appeal because the proceedings on direct appeal have not

7   been concluded.

8        In his habeas petition filed in the California Supreme

9   Court, Petitioner argued that the prosecution failed to rebut

10  Petitioner's "presumptive need" for a trial transcript.  (Doc. 1-

11  1, 5-6.)  As previously noted, it is Petitioner's burden to show

12  that he suffered prejudice.  Further, in the petition,

13  Petitioner argued that the prosecution failed to provide

14  discovery consisting of a copy of a police report of the charges

15  that the prosecutor's officer maintained, and/or a sworn

16  allegation by Veronica Eve McCarter, the homeowner's sister,

17  that on a previous occasion in November 2009, she had observed

18  that the front door of the house was smashed, and she had

19  identified specific property, including an old record player and

20  four fishing poles, as property missing from the home at that

21  time.  (Doc. 1-1, 12-13.)  However, the earlier incident was not

22  the basis of any charge against Petitioner, whose charges stemmed

23  from the later break-in of December 1, 2009.  (Op. of the CCA,

24  case no. F061339, 2-7.)  It thus does not appear that Petitioner

25  suffered any prejudice with respect to the absence of a

26  declaration concerning the earlier events.

27       Petitioner alleged in his habeas petition filed in the

28  California Supreme Court that an unidentified portion of the

13

transcript would show that the items found in Petitioner's pockets were valued at $121.00 and thus did not merit a felony charge; the items were photographed and returned and thus were not booked as evidence. (<u>Id.</u> at 20-21.)  However, Petitioner has not shown that any specific portion of the record is missing or that in the context of the totality of the evidence introduced at trial, the absence of any such portion of the record affected Petitioner's right to an effective appeal.

Even if the information were shown to be related to the merits of the appeal, it is undisputed that Petitioner received the assistance of appellate counsel, who received the pertinent clerk's and reporter's transcripts and attempted to perfect the record on appeal by obtaining additional transcripts.  The record supports an inference that counsel reviewed an adequate record and briefed the arguable issue on the merits.  Accordingly, Petitioner has failed to establish any prejudice because he received the assistance of counsel to review the record and argue the case on the merits, and therefore received that which the Due Process and Equal Protection Clauses require.

In sum, state court decisions denying Petitioner's request for a personal copy of the trial transcripts were not contrary to, or an unreasonable application of, clearly established federal law.  Therefore, Petitioner's allegations concerning his failure to receive a personal copy of the record do not entitle him to relief in a proceeding pursuant to 28 U.S.C. § 2254.

Accordingly, it will be recommended that Petitioner's claim concerning denial of his requests for the trial transcripts be dismissed without leave to amend.

1    VI.   Dismissal of Pending Motions as Moot

2         Petitioner has filed various motions in this proceeding,

3    including 1) a notice of motion, styled as a motion, indicating

4    an intention to move in the future for a copy of the transcript

5    (doc. 3); 2) a motion for an order granting Petitioner access to

6    the KVSP law library (doc. 11); 3) a request for intervention in

7    the ongoing appellate proceedings to permit Petitioner to obtain

8    a copy of the appellate transcript (doc. 14); 4) another request

9    for law library access (doc. 16); 5) a motion for discovery to be

10   considered in connection with an evidentiary hearing in this

11   Court regarding Petitioner's motions for transcripts that were

12   denied in the trial court (doc. 19); 6) a proposed order to the

13   respondent to answer the petition, styled as a "SUMMONS" (doc.

14   20); and 7) a motion for an order compelling discovery concerning

15   why Petitioner was denied a copy of the transcript when he had

16   been determined to be indigent (doc. 21).

17        Because Petitioner's claims merit dismissal due as they do

18   not entitle him to relief in a proceeding pursuant to 28 U.S.C. §

19   2254, it will be recommended that all pending motions filed by

20   Petitioner in this proceeding be dismissed as moot.

21   VII.  Certificate of Appealability

22        Unless a circuit justice or judge issues a certificate of

23   appealability, an appeal may not be taken to the Court of Appeals

24   from the final order in a habeas proceeding in which the

25   detention complained of arises out of process issued by a state

26   court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

27   U.S. 322, 336 (2003).  A certificate of appealability may issue

28   only if the applicant makes a substantial showing of the denial

15

of a constitutional right.  § 2253(c)(2).  Under this standard, a
petitioner must show that reasonable jurists could debate whether
the petition should have been resolved in a different manner or
that the issues presented were adequate to deserve encouragement
to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336
(quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A
certificate should issue if the Petitioner shows that jurists of
reason would find it debatable whether the petition states a
valid claim of the denial of a constitutional right and that
jurists of reason would find it debatable whether the district
court was correct in any procedural ruling.  Slack v. McDaniel,
529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of
the claims in the habeas petition, generally assesses their
merits, and determines whether the resolution was debatable among
jurists of reason or wrong.  Id.  It is necessary for an
applicant to show more than an absence of frivolity or the
existence of mere good faith; however, it is not necessary for an
applicant to show that the appeal will succeed.  Miller-El v.
Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of
appealability when it enters a final order adverse to the
applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could
debate whether the petition should have been resolved in a
different manner.  Petitioner has not made a substantial showing
of the denial of a constitutional right.  Accordingly, it will be
recommended that the Court decline to issue a certificate of

1    appealability.

2         VIII.   <u>Recommendations</u>

3         Accordingly, it is RECOMMENDED that:

4         1)   The petition be DISMISSED without leave to amend because

5    Petitioner's claims do not entitle him to relief in a proceeding

6    pursuant to 28 U.S.C. § 2254; and

7         2)   All pending motions filed by Petitioner be DISMISSED as

8    moot; and

9         3)   The Court DECLINE to issue a certificate of

10   appealability; and

11        4)   The Clerk be DIRECTED to send a blank civil rights

12   complaint form to Petitioner with this order, and to close the

13   case because an order of dismissal will terminate the proceeding

14   in its entirety.

15        These findings and recommendations are submitted to the

16   United States District Court Judge assigned to the case, pursuant

17   to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

18   the Local Rules of Practice for the United States District Court,

19   Eastern District of California.  Within thirty (30) days after

20   being served with a copy, any party may file written objections

21   with the Court and serve a copy on all parties.  Such a document

22   should be captioned "Objections to Magistrate Judge's Findings

23   and Recommendations."  Replies to the objections shall be served

24   and filed within fourteen (14) days (plus three (3) days if

25   served by mail) after service of the objections.  The Court will

26   then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

27   § 636 (b)(1)(C).  The parties are advised that failure to file

28   objections within the specified time may waive the right to

17

1  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

2  1153 (9th Cir. 1991).

3

4

5  IT IS SO ORDERED.

6  **Dated:**    **June 19, 2012**                          /s/ **Sheila K. Oberto**

                                              UNITED STATES MAGISTRATE JUDGE