UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS,<br><br>        Petitioner,<br><br>  v.<br><br>KERN VALLEY STATE PRISON, et. al.,<br><br>        Respondents. | 1:12-cv-00450-AWI-SKO-HC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE (DOC. 8)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT LEAVE TO AMEND (DOC. 1)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ALL PENDING MOTIONS AS MOOT (DOCS. 3, 11, 14, 16, 19, 20, 21)<br><br>FINDINGS AND RECOMMENDATIONS TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY AND TO DIRECT THE CLERK TO SEND PETITIONER A COMPLAINT FORM AND TO CLOSE THE ACTION<br><br>**OBJECTIONS DEADLINE:<br>THIRTY (30) DAYS** |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 through 304. Pending before the Court is Petitioner's petition, which was filed on March 12, 2012, and transferred to

1

this Court on March 22, 2012.

## I. Discharge of the Order to Show Cause

On April 3, 2012, the Court issued to Petitioner an order to show cause why the petition should not be dismissed for failure to exhaust state court remedies as to his claims.

Because Petitioner responded to the order to show cause, the order to show cause issued on April 3, 2012, is DISCHARGED.

## II. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the

respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Petitioner alleges that he is an inmate of the Kern Valley State Prison (KVSP) in Delano, California, located in the Eastern District of California. Petitioner names the warden of the prison as a Respondent. Petitioner challenges his conviction of receiving stolen property in the Superior Court of the State of California, County of Fresno, for which he was sentenced on October 12, 2011. (Pet., doc. 1, 2.) Petitioner raises the following claims in the petition: 1) the courts must not keep stating that counsel for an indigent defendant must receive transcripts of the trial proceedings because pursuant to the Sixth and Fourteenth Amendments, the accused shall be informed of the nature and cause of the accusation, be confronted with the witnesses against him, and have compulsory process; 2) an indigent defendant must be allowed a right to a transcript pursuant to the Fourth and Fifth Amendments and due process of law; 3) the order issued by the Eastern District Court on February 9, 2012, directed the clerk to close the case, which denied Petitioner the right to redress the court under the First Amendment; 4) under the Sixth and Fourteenth Amendments, the accused has an independent right to a reporter's transcript of criminal trial proceedings, and rights to be informed of the charges, confront witnesses against him, compulsory process for obtaining witnesses in his favor, and the assistance of counsel in his defense; and 5) a claim set forth verbatim as follows:

3

> "There are 'the right to study, to confront, to
> re-examine or to examine, to have the accusation
> of the cause of the nature of why there is witnesses
> against, this duty to and indigent defender is compelled
> by the 5th, 6th, 14th, to have theses (sic) rights by
> the Constitution of the people of the United Constitutional
> Amendment. Your honor, this is a constitutional right;
> it must be protected, it must not be denied a defendant...."

(Id. at 5-6.)

   III. Background

   The Court takes judicial notice of an opinion filed on May 9, 2012, in People v. Clarence Leon Dews, case number F061339, in the Court of Appeal of the State of California, Fifth Appellate District (CCA).[1] This decision is the opinion on direct appeal from the judgment rendered in Fresno County Superior Court case number F09906781, the judgment to which Petitioner's claims relate.

   The opinion summarizes the evidence introduced at Petitioner's trial, which resulted in his conviction of receiving stolen property in violation of Cal. Pen. Code § 496(a) on December 1, 2009, with a prior "strike" conviction within the meaning of Cal. Pen. Code § 667(b)-(i), a prior serious felony conviction within the meaning of Cal. Pen. Code § 667(a)(1), and nine prior prison term enhancements within the meaning of Cal. Pen. Code § 667.5(b). Petitioner was sentenced to fifteen years

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official web sites. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010). The address of the official website of the California state courts is www.courts.ca.gov. The Court further notes that the unpublished opinion of the CCA appears at 2012 WL 1623421 (no. F061339, May 9, 2012).

4

in prison.  (Op. at 1-2.)

With respect to the facts relating to Petitioner's receipt of stolen property, Gerald McCarter discovered that the door of his house on West Belmont had been forced open and the interior ransacked; some of the personal property from the residence was missing, and some had been moved and stacked by the front door as if someone were going to return and remove the items.  McCarter departed after waiting unsuccessfully for about four hours for the perpetrators.  He returned at about 10:30 p.m. and observed that the front door and screen were open, and a car was parked on the street in front of the house.  Armed with a handgun, McCarter entered the house and discovered Petitioner's brother, Archie, going through some electrical equipment in the living room.  When Archie failed to respond to McCarter's inquiries, McCarter fired a warning shot.  Petitioner emerged from a back bedroom. Petitioner and Archie were detained and arrested by law enforcement officers, who were called to the scene.  A search of Petitioner incident to arrest yielded distinctive items which McCarter identified as having been removed from the house and having belonged to his late father, a previous resident.  Archie testified, admitting that he had told a deputy that he had been looking for things in the house that he could recycle for a few dollars, and that a friend had told him that the house contained a lot of stuff, including some pretty good fishing poles.  (Id. at 6-11.)

The only issues raised in the appeal concerned the propriety of the trial court's denial of Petitioner's second motion to represent himself, which was made in conjunction with a motion to

5

discharge Petitioner's appointed trial counsel a few days before Petitioner's trial was scheduled to begin. The CCA affirmed the judgment, concluding that the trial court had properly found that when Petitioner had previously represented himself, his tactics, including refiling motions and seeking repeated continuances, were obstreperous, and Petitioner's renewed motion to represent himself made on the eve of trial was undertaken for the purpose of obstruction or delay. (Id. at 11-31.)

The docket and records reflect that in Petitioner's direct appeal, Petitioner was represented by appointed appellate counsel, who on multiple occasions procured augmentations of the record, filed opening and reply briefs, and waived oral argument. A clerk's transcript and a reporter's transcript of 1156 pages were also filed on February 9, 2011.

Petitioner's allegations in his petition for writ of habeas corpus filed in the California Supreme Court and correspondence with his counsel on appeal reveal that Petitioner requested from the trial court his own copy of the transcripts. The trial court denied Petitioner's request because Petitioner's appellate counsel would obtain the transcripts and provide them to Petitioner. (Doc. 1-1, 5-8, 16.)

Appellate counsel declined to forward the transcripts to Petitioner, stating that Petitioner would not serve as counsel's advisor during the appeal; rather, counsel would determine whether legal advice or research was needed. (Id. at 9, 28-29.) The CCA denied Petitioner's petition for writ of habeas corpus, noting in part that Petitioner had appellate counsel, who was sent the record on appeal; further, Petitioner had not shown that

6

the appellate process was an inadequate remedy.  (Id. at 25.) The Supreme Court summarily denied a petition for writ of habeas corpus regarding the transcript issue.  (Doc. 1, 35.)

     IV.   <u>Alleged First Amendment Violation</u>

Petitioner alleges that when this Court dismissed Petitioner's previous habeas corpus petition, it violated his First Amendment right to petition the government peaceably for a redress of grievances.  (Doc. 1, 6.)

Petitioner cites to <u>Clarence Leon Dews v. Superior Court of State of California</u>, case number 1:11-cv-02050-BAM-HC, filed in this Court and subsequently terminated by the entry of a judgment of dismissal.  The Court takes judicial notice of the docket and orders in that case, in which the Court dismissed the petition because Petitioner's first amended petition (doc. 11), filed on January 6, 2012, concerned only conditions of confinement, namely, interference with Petitioner's practice of his religion. Thus, by order signed on February 9, 2012, and judgment entered on February 10, 2012, the petition was dismissed for failure to allege facts that would entitle Petitioner to habeas corpus relief.  (Doc. 16, 2; 17.)  Petitioner's claim that his right to petition the government for redress of grievances was violated by this dismissal of his complaint concerning religious liberty relates not to the legality or duration of his confinement, but rather to the conditions of his confinement.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d

7

1484, 1499 (9th Cir. 1997).

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Petitioner's complaint that his First Amendment rights were violated by the dismissal of his previous habeas petition relates to his exercise of First Amendment rights.  It does not bear upon the validity of his conviction or sentence, and thus it does not relate to the legality or duration of his confinement. Petitioner is not challenging a conviction or sentence; rather, he is challenging the conditions of his confinement. Therefore, with respect to his First Amendment claim, Petitioner is not entitled to habeas corpus relief, and his claim must be dismissed.

Because the defect in the claim relates not to any inadequacy of factual allegations, but rather to the nature of the claim itself as one concerning conditions of confinement,

Petitioner could not state a tenable habeas claim for First Amendment relief if leave to amend were granted. It will, therefore, be recommended that the claim be dismissed without leave to amend.

Should Petitioner wish to pursue his claim, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. The Clerk should be directed to send an appropriate form complaint to Petitioner.

> V. <u>Petitioner's Claims concerning Petitioner's Right to a Transcript of His Trial Proceedings</u>

In his remaining claims, Petitioner cites numerous rights of an accused in connection with criminal trial proceedings. (Doc. 1, 5-6.) However, Petitioner appears to assert essentially one claim: his rights to due process and equal protection of the law guaranteed by the Fourteenth Amendment were violated by the state courts' decisions denying his requests for a personal copy of his transcript for use during his direct appeal while he was being represented by counsel who had possession of the record on appeal, including the transcripts, and who filed briefs on the merits in the appellate proceedings.

To the extent Petitioner refers to his rights to notice of the charges against him, confrontation of witnesses, access to compulsory process, and the assistance of counsel, he appears to contend that the right to a transcript is part and parcel of, or effectuates, those trial rights. Petitioner does not appear to raise claims directly with respect to these additional trial rights.

///

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam).

Title 28 U.S.C. § 2254 provides in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Clearly established federal law refers to the holdings, as opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state court decision. Cullen v. Pinholster, - U.S. -, 131 S.Ct. 1388, 1399 (2011); Lockyer v. Andrade, 538 U.S. 63, 71 (2003); Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court's decision contravenes clearly established Supreme Court precedent if it reaches a legal conclusion opposite to, or substantially different from, the Supreme Court's or concludes differently on a materially indistinguishable set of facts. Williams v. Taylor, 529 U.S. at 405-06. A state court unreasonably applies clearly established

10

federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002); see, Williams, 529 U.S. at 407. An application of clearly established federal law is unreasonable only if it is objectively unreasonable; an incorrect or inaccurate application is not necessarily unreasonable. Williams, 529 U.S. at 410.

A state court's determination that a claim lacks merit precludes federal habeas relief as long as fairminded jurists could disagree on the correctness of the state court's decision. Harrington v. Richter, 562 U.S. -, 131 S.Ct. 770, 786 (2011). Although the Constitution does not require states to grant appeals as of right to criminal defendants seeking to review alleged trial court errors, if under state law criminal defendants have a right to appeal criminal convictions, the procedures used in deciding those appeals must comply with the requirements of the Due Process and Equal Protection Clauses of the Constitution. Evitts v. Lucey, 469 U.S. 387, 393 (1985). Accordingly, a state must provide a transcript of the trial court proceedings to indigent criminal appellants who cannot afford transcripts if that is the only way to insure an adequate and effective appeal. Griffin v. Illinois, 351 U.S. 12, 18, 13-20 (1956).

An appellant is entitled to a record that is sufficiently complete to ensure meaningful appellate review that is

substantially as adequate and effective as that given to appellants with funds. Draper v. Washington, 372 U.S. 487, 495-96 (1963); Smith v. Robbins, 528 U.S. 259, 276-77 n. 9 (2000). The appellant must be given a fair opportunity to present his claims in the context of the state's appellate process and to obtain an adjudication of the merits of the appeal. Smith v. Robbins, 528 U.S. at 277. A state's procedure is sufficient if it reasonably ensures that an indigent's appeal will be resolved in a manner that is related to the merits of the appeal. Id. at 276-77.

In determining whether a limitation on a record of trial proceedings violates due process, a court considers 1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and 2) the availability of alternative devices that would fulfill the same functions as a transcript. Britt v. North Carolina, 404 U.S. 226, 227 & n.2 (1971); Madera v. Risley, 885 F.2d 646, 648-49 (9th Cir. 1989). Although an appellant's right to the assistance of counsel and a brief on the merits must be protected, states must also be able to protect themselves so that frivolous appeals are not subsidized needlessly by public funds. Smith v. Robbins, 528 U.S. at 277-78.

To establish a due process violation based on the absence of a record, a petitioner must show that he was prejudiced by the record's absence. Madera v. Risley, 885 F.2d at 649; Cooper v. McGrath, 314 F.Supp.2d 967, 982 (N.D.Cal. 2004); Quintero v. Tilton, 588 F.Supp.2d 1121, 1128 (C.D.Cal. 2008). Here, the information posted on the California courts website shows that

the intermediate state appellate court has rendered a decision in Petitioner's appeal.  It is uncertain, however, whether Petitioner will seek further review on direct appeal from the California Supreme Court.  Arguably, it is premature for Petitioner to seek to establish prejudice with respect to his right to appeal because the proceedings on direct appeal have not been concluded.

In his habeas petition filed in the California Supreme Court, Petitioner argued that the prosecution failed to rebut Petitioner's "presumptive need" for a trial transcript.  (Doc. 1-1, 5-6.)  As previously noted, it is Petitioner's burden to show that he suffered prejudice.  Further, in the petition, Petitioner argued that the prosecution failed to provide discovery consisting of a copy of a police report of the charges that the prosecutor's officer maintained, and/or a sworn allegation by Veronica Eve McCarter, the homeowner's sister, that on a previous occasion in November 2009, she had observed that the front door of the house was smashed, and she had identified specific property, including an old record player and four fishing poles, as property missing from the home at that time.  (Doc. 1-1, 12-13.)  However, the earlier incident was not the basis of any charge against Petitioner, whose charges stemmed from the later break-in of December 1, 2009.  (Op. of the CCA, case no. F061339, 2-7.)  It thus does not appear that Petitioner suffered any prejudice with respect to the absence of a declaration concerning the earlier events.

Petitioner alleged in his habeas petition filed in the California Supreme Court that an unidentified portion of the

13

transcript would show that the items found in Petitioner's pockets were valued at $121.00 and thus did not merit a felony charge; the items were photographed and returned and thus were not booked as evidence. (<u>Id.</u> at 20-21.) However, Petitioner has not shown that any specific portion of the record is missing or that in the context of the totality of the evidence introduced at trial, the absence of any such portion of the record affected Petitioner's right to an effective appeal.

Even if the information were shown to be related to the merits of the appeal, it is undisputed that Petitioner received the assistance of appellate counsel, who received the pertinent clerk's and reporter's transcripts and attempted to perfect the record on appeal by obtaining additional transcripts. The record supports an inference that counsel reviewed an adequate record and briefed the arguable issue on the merits. Accordingly, Petitioner has failed to establish any prejudice because he received the assistance of counsel to review the record and argue the case on the merits, and therefore received that which the Due Process and Equal Protection Clauses require.

In sum, state court decisions denying Petitioner's request for a personal copy of the trial transcripts were not contrary to, or an unreasonable application of, clearly established federal law. Therefore, Petitioner's allegations concerning his failure to receive a personal copy of the record do not entitle him to relief in a proceeding pursuant to 28 U.S.C. § 2254.

Accordingly, it will be recommended that Petitioner's claim concerning denial of his requests for the trial transcripts be dismissed without leave to amend.

14

VI. <u>Dismissal of Pending Motions as Moot</u>

Petitioner has filed various motions in this proceeding, including 1) a notice of motion, styled as a motion, indicating an intention to move in the future for a copy of the transcript (doc. 3); 2) a motion for an order granting Petitioner access to the KVSP law library (doc. 11); 3) a request for intervention in the ongoing appellate proceedings to permit Petitioner to obtain a copy of the appellate transcript (doc. 14); 4) another request for law library access (doc. 16); 5) a motion for discovery to be considered in connection with an evidentiary hearing in this Court regarding Petitioner's motions for transcripts that were denied in the trial court (doc. 19); 6) a proposed order to the respondent to answer the petition, styled as a "SUMMONS" (doc. 20); and 7) a motion for an order compelling discovery concerning why Petitioner was denied a copy of the transcript when he had been determined to be indigent (doc. 21).

Because Petitioner's claims merit dismissal due as they do not entitle him to relief in a proceeding pursuant to 28 U.S.C. § 2254, it will be recommended that all pending motions filed by Petitioner in this proceeding be dismissed as moot.

VII. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial

15

of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

    In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

    A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

    Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of

16

appealability.

VIII.  Recommendations

Accordingly, it is RECOMMENDED that:

1) The petition be DISMISSED without leave to amend because Petitioner's claims do not entitle him to relief in a proceeding pursuant to 28 U.S.C. § 2254; and

2) All pending motions filed by Petitioner be DISMISSED as moot; and

3) The Court DECLINE to issue a certificate of appealability; and

4) The Clerk be DIRECTED to send a blank civil rights complaint form to Petitioner with this order, and to close the case because an order of dismissal will terminate the proceeding in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to

17

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  June 19, 2012**                              /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE